UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

O.Z. MARTIN,

    Plaintiff,

v.

ROBERT FOX, et al.,

    Defendants.

No. 2: 19-cv-2075 TLN KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are California Medical Facility ("CMF") Warden Robert Fox, CMF Chief Medical Officer ("CMO") Bick, Dr. Petras, Dr. Haile, Dr. Saukhla, Dr. Ditomas, David Horch and J. Lewis.

Plaintiff alleges that he has been diagnosed with Hepatitis C since 1991. Plaintiff alleges that California Department of Health Care Services HCV Treatment Policy provides that individuals suffering from Stage 2 or greater hepatic fibrosis and debilitating fatigue are candidates for HCV treatment. Plaintiff alleges that based on this policy, he has been a candidate for HCV treatment since March 13, 2016, when he suffered from body itching, debilitating fatigue, abdominal pain in the liver area and a worsened hepatitis fibrosis score. Plaintiff alleges that in September 2016, his condition deteriorated, and he also suffered from nausea, vomiting, diarrhea and joint pain.

Plaintiff alleges that from November 2015 to July 2017, he complained to defendants Haile, Saukhla and Petras about his Hepatitis C symptoms. Plaintiff alleges that these defendants falsified plaintiff's medical records to state that plaintiff suffered from no symptoms in order to deny his request for treatment. Plaintiff alleges that these defendants informed him that the cost of the treatment was too expensive. Plaintiff alleges that these defendants knew of, or should have known, of the Health Care Services HCV Treatment Policy.

Plaintiff alleges that on August 8, 2017, defendant Saukhla finally found that plaintiff was eligible for HCV treatment. On September 15, 2017, plaintiff's treatment commenced. At that time, defendant Petras indicated that plaintiff had body wide itching, nausea and vomiting. Defendant Petras told plaintiff that because of his advanced HCV liver disease, it was unlikely that the HCV treatment would have any effect on his HCV symptoms.

Plaintiff alleges that on October 19, 2017, defendant Saukhla examined plaintiff. Following this examination, defendant Saukhla falsely recorded that plaintiff did not complain of

3

ongoing nausea, vomiting, loose bowels, body itching, abdominal pain, drowsiness, joint pain, etc. On December 26, 2017, defendant Haile examined plaintiff. Plaintiff alleges that following this examination, defendant Haile falsely wrote that plaintiff did not complain of ongoing symptoms.

On March 22, 2018, defendant Haile informed plaintiff that his HCV virus was non-detectable. Plaintiff told defendant Haile that he still suffered from ongoing nausea, vomiting, loose bowels, body wide itching, abdominal pain, fatigue, etc. Defendant Haile then falsely reported that plaintiff did not complain of these symptoms.

Plaintiff alleges that defendants Haile, Saukhla and Petras violated his Eighth Amendment rights by delaying his HCV treatment. Plaintiff has stated a potentially colorable Eighth Amendment claim against these defendants.

Plaintiff alleges that defendants Ditomas, Horsch and Lewis denied his administrative grievances in which he sought HCV treatment based on his deteriorating liver functions and worsening symptoms. These allegations state potentially colorable Eighth Amendment claims against these defendants.

Plaintiff alleges that defendant Warden Fox failed to establish "specific mechanisms" to ensure that CMF medical staff provided plaintiff with proper care for his hepatitis C "over the prevalent policies and practices of monitoring plaintiff's worsening HCV condition due to the high cost of HCV treatment."

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011). Plaintiff may also allege the supervisor "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted).

Plaintiff alleges that defendants Haile, Saukhla and Petras knowingly denied him HCV treatment in violation of the California Department of Health Care Services HCV Treatment Policy. Therefore, in order to state a potentially colorable claim against defendant Fox, plaintiff

4

must allege facts demonstrating that defendant Fox either knew that these defendants denied plaintiff HCV treatment in violation of this policy, or that defendant Fox knew that these defendants had a practice or policy to deny inmates HCV treatment in violation of this policy. Plaintiff has pled no facts demonstrating that defendant Fox knew that these defendants disregarded the state policy regarding HCV treatment. Accordingly, plaintiff's claims against defendant Fox are dismissed.

Plaintiff alleges that defendant Bick failed to establish a policy ensuring that qualified inmates received HCV treatment. As discussed above, plaintiff alleges that defendants Haile, Saukhla and Petras knowingly denied him treatment in violation of state policy. Therefore, in order to state a potentially colorable claim against defendant Bick, plaintiff must allege facts demonstrating that defendant Bick either knew that these defendants denied plaintiff HCV treatment in violation of this policy, or that defendant Bick knew that these defendants had a practice or policy to deny inmates HCV treatment in violation of this policy. Plaintiff has pled no facts demonstrating that defendant Bick knew that these defendants disregarded the state policy regarding HCV treatment. Accordingly, this claim is dismissed with leave to amend.

Plaintiff also alleges that defendant Bick's failure to train CMF medical staff caused plaintiff not to receive timely HCV treatment. A supervisor's failure to train subordinates may give rise to individual liability under § 1983 where the failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact. See Canell v. Lighner, 143 F.3d 1210, 1213-14 (9th Cir. 1998). However, if defendants Haile, Saukhla and Petras denied plaintiff's request for HCV treatment despite being aware that plaintiff qualified for this treatment pursuant to state policy, then defendant Bick's alleged failure to train these defendants regarding this policy did not cause the alleged deprivation. Accordingly, plaintiff's failure to train claim against defendant Bick is dismissed.

Plaintiff may proceed forthwith to serve defendants Petras, Haile, Saikhla, Ditomas, Horch and Lewis, and pursue his claims against only these defendants, or he may delay serving any defendant and attempt to state a cognizable claim against defendants Fox and Bick.

////

5

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the remaining defendants, he has thirty days in which to do so. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Petras, Haile, Saikhla, Ditomas, Horch and Lewis, against whom he has stated a potentially cognizable claim for relief, he shall return the attached notice within thirty days. Following receipt of that notice, the court will order service of defendants Petras, Haile, Saikhla, Ditomas, Horch and Lewis.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Fox and Bick are dismissed with leave to amend. Within

thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

    4. The allegations in the pleading are sufficient to state a potentially cognizable claim against defendants Petras, Haile, Saukhla, Ditomas, Horch and Lewis. <u>See</u> 28 U.S.C. § 1915A. If plaintiff opts to proceed on his original complaint as to these defendants, he shall return the attached notice within thirty days of service of this order.

    5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: December 2, 2019

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mart2075.ame

|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| O.Z. MARTIN, | No. 2: 19-cv-2075 TLN KJN P |
|---|---|
| Plaintiff, |  |
| v. | <u>NOTICE</u> |
| ROBERT FOX, et al., |  |
| Defendants. |  |

_____ Plaintiff opts to proceed with the original complaint as to defendants Petras, Haile, Saukhla, Ditomas, Horch and Lewis.

_____ Plaintiff consents to the dismissal of defendants Fox and Bick without prejudice.

OR

_____ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
Plaintiff