UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.Z. MARTIN,<br><br>            Plaintiff,<br><br>      v.<br><br>ROBERT FOX, et al.,<br><br>            Defendants. | No.  2: 19-cv-2075 TLN KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel further responses to requests for production of documents, requests for admissions and interrogatories.  (ECF No. 28.)  For the reasons stated herein, plaintiff's motion to compel is granted in part and denied in part.

Background

This action proceeds on plaintiff's original complaint as to defendants Petras, Haile, Saukhla, Ditomas, Horch and Lewis.  Plaintiff alleges that he has been diagnosed with Hepatitis C since 1991.  Plaintiff alleges that the California Department of Health Care Services HCV Treatment Policy provides that individuals suffering from Stage 2 or greater hepatic fibrosis and debilitating fatigue are candidates for HCV treatment.  Plaintiff alleges that he has been a candidate for HCV treatment since March 13, 2016, when he suffered from body itching, debilitating fatigue, abdominal pain in the liver area and a worsened hepatitis fibrosis score.

1

1   Plaintiff alleges that in September 2016, his condition deteriorated and he also suffered from
2   nausea, vomiting, diarrhea and joint pain.
3       Plaintiff alleges that from November 2015 to July 2017, he complained to defendants
4   Haile, Saukhla and Petras about his hepatitis C symptoms.  Plaintiff alleges that these defendants
5   falsified plaintiff's medical records to state that plaintiff suffered from no symptoms in order to
6   deny his request for treatment.  Plaintiff alleges that these defendants informed him that the cost
7   of the treatment was too expensive.  Plaintiff alleges that these defendants knew of, or should
8   have known, of the Health Care Services HCV Treatment Policy.
9       Plaintiff alleges that on August 8, 2017, defendant Saukhla finally found that plaintiff was
10  eligible for HCV treatment.  On September 15, 2017, plaintiff's treatment commenced.  At that
11  time, defendant Petras indicated that plaintiff had body wide itching, nausea and vomiting.
12  Defendant Petras told plaintiff that because of his advanced HCV liver disease, it was unlikely
13  that HCV treatment would have any effect on his HCV symptoms.
14      Plaintiff alleges that on October 19, 2017, defendant Saukhla examined plaintiff.
15  Following this examination, defendant Saukhla falsely recorded that plaintiff did not complain of
16  ongoing nausea, vomiting, loose bowels, body itching, abdominal pain, drowsiness, joint pain,
17  etc.  On December 26, 2017, defendant Haile examined plaintiff.  Plaintiff alleges that following
18  this examination, defendant Haile falsely wrote that plaintiff did not complain of ongoing
19  symptoms.
20      On March 22, 2018, defendant Haile informed plaintiff that his HCV virus was non-
21  detectable.  Plaintiff told defendant Haile that he still suffered from ongoing nausea, vomiting,
22  loose bowels, body wide itching, abdominal pain, fatigue, etc.  Defendant Haile then falsely
23  reported that plaintiff did not complain of these symptoms.
24      Plaintiff alleges that defendants Haile, Saukhla and Petras violated his Eighth Amendment
25  rights by delaying his HCV treatment.  Plaintiff alleges that defendants Ditomas, Horsch and
26  Lewis denied his administrative grievances in which he sought HCV treatment based on his
27  deteriorating liver functions and worsening symptoms.
28  ////

2

Legal Standard

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citations omitted). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Id. The opposing party "has the burden to show that discovery should not be allowed…" DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

First Request for Production of Documents

In the motion to compel, plaintiff alleges that defendants failed to adequately respond to his first request for production of documents. (ECF No. 28 at 1.) Plaintiff alleges that defendants responded to his request for production of documents with "approximately 500 pages of documents containing evasive and insufficient responses that do not specifically address the substance of the documents requested…" (Id.)

In the motion compel, plaintiff alleges that on July 5, 2020, he attempted to confer with defendants regarding their inadequate responses to his request for production of documents. (Id.) Plaintiff argues that defendants responded with "evasive and insufficient documents with responses that do not specifically address the substance of the documents requested…" (Id.)

////

Attached to the motion to compel are defendants' responses to plaintiff's first request for production of documents, containing sixteen requests. (Id. at 5-12.) Also attached to the motion to compel is plaintiff's "meet and confer" letter addressing defendants' responses to his first request for production of documents. (Id. at 15-16.) In this letter, plaintiff specifically objected to defendants' responses to request nos. 3, 7, 8, 9, 10, 15 and 16. (Id.)

Also attached to the motion to compel is a copy of defendants' letter responding to plaintiff's meet and confer letter. (Id. at 21-24.) This letter addressed plaintiff's complaints regarding defendants' responses to request nos. 3, 7, 8, 9, 10, 15 and 16. (Id.)

In their opposition to the motion to compel, defendants argue that plaintiff's motion to compel fails to identify the precise requests at issue or explain why the information he seeks is relevant. (ECF No. 30 at 3.) Defendants argue that plaintiff makes boilerplate allegations that the responses are inadequate and attaches some, but not all, of the relevant supporting documents. (Id.) Defendants argue that plaintiff has not adequately supported his motion to compel. (Id.)

The undersigned agrees that plaintiff's motion to compel fails to identify the precise requests for production of documents at issue. Plaintiff has not shown, for each disputed responses, why defendants' objections are not meritorious. See Shehee v. Redding, 2018 WL 1136906, at *1 (E.D. Cal. March 1, 2018) (citing Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012)). However, because plaintiff's exhibits explain plaintiff's objections to defendants' responses to request nos. 3, 7, 8, 9, 10, 15 and 16, the undersigned addresses those requests herein.

*Request No. 3*

Request no. 3 sought, "[a]ny and all documents which contain, mention, or discuss the extent of the damage to an untreated HCV diseased liver at Stage 1, 2, 3, 4 and at F3-F4, advanced fibrosis stage." (ECF No. 28 at 6.)

Defendants responded to request no. 3 as follows:

> Objection. The request is overbroad, vague and ambiguous. Defendants further object that the request does not describe a category of documents with reasonable particularity. Subject to these objections and without waiver, answering defendants respond as follows: Defendants do not have any responsive documents in

4

their possession, custody or control.

(Id. at 6-7.)

In the meet and confer letter, plaintiff argued that the physician defendants had documents responsive to request no. 3 but failed to produce them. (Id. at 21.) In their response to plaintiff's meet and confer letter, defendants stated that request no. 3 does not describe a document or category of documents. (Id.) Defendants again stated that they did not have responsive documents in their possession, custody or control. (Id.)

The undersigned is puzzled by defendants' objection that they do not have documents in their possession, custody or control that are responsive to request no. 3. However, the undersigned finds that request no. 3 is vague and overbroad. On these grounds, the motion to compel with respect to request no. 3 is denied.

*Request No. 7*

Request no. 7 sought, "[a]ny and all documents which contain, mention, or discuss the current and previous cost of HCV treatment within the past ten years." (Id. at 8.)

Defendants responded to request no. 7 as follows:

> Objection. This request is overbroad and not relevant to the claims of this lawsuit. In addition, the request does not describe a category of documents with reasonable particularity. Subject to these objections and without waiver, answering defendants have produced in Exhibit E the CCHCS Pharmacy Opioid Related Costs for fiscal year 2013 through June 2020."

(Id.)

In the meet and confer letter, plaintiff objected to defendants' response referring to a copy of a nameless pharmacy opioid related cost report for 2013-2020. (Id. at 15-16.) Plaintiff stated that defendants' response did not address the costs of his Harvoni treatment for HCV from around September 2017 to around December 2017. (Id.)

In their letter responding to plaintiff's meet and confer letter, defendants stated that in request no. 7, plaintiff did not request documents regarding the cost of his Harvoni treatment in 2017 and 2018. (Id. at 21.) Instead, plaintiff sought documents regarding the cost of HCV treatment for the past ten years. (Id.) Defendants stated that this request was overbroad and not reasonably related to the claims or defenses in this case. (Id. at 21-22.) Defendants state that they

5

provided plaintiff with a chart showing the total amounts spent on HCV antivirals, opiate agonists, and opiate antagonists for fiscal years 2013 through June 2020 in response to his request. (Id.)

Request no. 7 is overbroad because it does not describe a category of documents with sufficient particularity. On these grounds, the motion to compel as to request no. 7 is denied. The undersigned also observes that in the meet and confer letter, plaintiff improperly attempted to change the documents sought in request no. 7. See Tuvalu v. Woodford, 2006 WL 3201096, at *8 (E.D. Cal. Nov. 2, 2016) (a party cannot use a motion to compel to obtain a request that he did not make).

*Request No. 8*

Request no. 8 sought, "[a]ny and all documents which contain, mention, or discuss the California Health Care and Risk Management Services policies pertaining to the delivery of health care to CDCR inmates/plaintiff." (ECF No. 28 at 8.)

Defendants responded to request no. 8 as follows:

> Objection. The request is overbroad and ambiguous in seeking all California Health Care Services and Risk Management Services policies pertaining to the delivery of healthcare to CDCR inmates generally. Defendants further object that this request is vague as to time and seeks documents not relevant to the claims made in this case. Defendants also object that disclosure of the information sought may violate other inmates' rights of privacy, thus making the request improper. Defendants have produced in Exhibit A the CCHCS Hepatitis C Care Guides issued between December 2010 through April 2019. Defendants have produced in Exhibit B the CCHCS Hepatitis C Management Policy and Procedure, effective October 2, 2012 to June 6, 2018.

(Id. at 8-9.)

In his meet and confer letter, plaintiff argued that defendants' response to request no. 8 did not specifically address the substance of his request. (Id. at 16.) Defendants' response to plaintiff's meet and confer letter restates their objections. (Id. at 22.) Defendants also state that the documents they produced reflect the policies and guidelines related to HCV care for the time period relevant to the lawsuit as well as several years before the relevant time frame. (Id.)

////

6

1    Request no. 8 is overbroad and ambiguous. On these grounds, plaintiff's motion to
2    compel as to request no. 8 is denied.
3        *Request No. 9*
4    Request no. 9 sought, "[a]ny and all documents which contain, mention, or discuss the
5    California Department of Health Care Services policy as it pertains to the California Health Care
6    Services policies and CDCR's health care policies in the delivery of health care and HCV
7    treatment to inmates/plaintiff." (Id. at 9.)
8    Defendants objected to request no. 9 on the grounds that it did not describe a category of
9    documents with reasonable particularity. (Id.) Without waiving objection, defendants responded
10   that they did not have any such documents in their possession, custody or control. (Id.)
11   Plaintiff's meet and confer letter restated defendants' objections to request no. 9. (Id. at
12   16.) In response to plaintiff's meet and confer letter defendants stated, in part,

> As discussed in defendants' responses to your requests for admissions and defendants' responses to interrogatories, the California Department of Health Care for HCV treatment does not govern the treatment of HCV in CDCR inmates. Accordingly, defendants do not have any documents in their possession, custody or control that discuss the relationship between the CCHCS policies and the California Department of Health Care Services policies.

17   (Id. at 22.)
18   Request no. 9 is overbroad and ambiguous. In addition, defendants do not have
19   possession, custody or control of the documents sought in this request. On these grounds,
20   plaintiff's motion to compel as to request no. 9 is denied.
21       *Request No. 10*
22   Request no. 10 sought, "[a]ny and all documents which contain, mention or discuss
23   defendants Dr. Petras, Haile, Saukhla and Ditomas's Hippocratic oath and the imposed medical
24   standards pertaining to the delivery of health care to patients/inmates." (Id. at 9.)
25   Defendants objected to request no. 10 as vague as to time, compound and overbroad in
26   seeking all documents pertaining to medical standards pertaining to the delivery of health care to
27   inmates. (Id.) Without waiving objections, defendants responded that they did not have any
28   documents related to the Hippocratic oath in their possession, custody or control. (Id.)

7

1    Defendants also responded that they produced in Exhibit A the CCHCS Hepatitis C Care Guides

2    issued between December 2010 and April 2019.  (Id.)  Defendants also produced in Exhibit B the

3    CCHCS Hepatitis C Management Policy and Procedure, effective October 2, 2012 to June 6,

4    2018.  (Id.)

5          In the meet and confer letter, plaintiff argued that defendants' response to request no. 10

6    was insufficient and did not specifically address the substance of his request.  (Id. at 16.)  In their

7    letter responding to plaintiff's meet and confer letter, defendants restated their response to request

8    no. 10.

9          Request no. 10 is vague, overbroad and compound.  In addition, the court cannot order

10   defendants to produce documents they do not possess.  Accordingly, the motion to compel as to

11   request no. 10 is denied.

12         *Request No. 15*

13         Request no. 15 sought, "[a]ny and all documents which contain, mention or discuss the

14   names, title and duties and responsibilities of all CMF health care staff who are members of the

15   HCV oversight committee, currently and previously within the last five years."  (Id. at 11.)

16         Defendants objected to request no. 15 on the grounds that the request sought documents

17   not relevant to the claims made in this case.  (Id.)

18         In the meet and confer letter, plaintiff did not address defendants' objection that the

19   documents sought were not relevant.  (Id. at 16.)  In their letter responding to plaintiff's meet and

20   confer letter, defendants restate their relevancy objection.  (Id. at 23.)

21         Plaintiff has failed to meet his burden of demonstrating the relevancy of the documents

22   sought in request no. 15.  The undersigned also finds that request no. 15 is overbroad.  For these

23   reasons, the motion to compel as to request no. 15 is denied.

24         *Request No. 16*

25         Request no. 16 sought, "[a]ny and all documents which contain, mention, or discuss the

26   HCV oversight committees master log pertaining to HCV cases, HCV treatment

27   recommendations, treatment authorization requests, HCV treatment approvals and denials for

28   inmates/plaintiff at CMF, currently and within the last five years."  (Id. at 11.)

Defendants objected to request no. 16 on the grounds that disclosure of these documents may violate other inmates' rights of privacy, thus making the request improper. (Id. at 12.) Defendants also objected that the request sought documents not relevant to the claims made in this action. (Id.) Without waiving objection, defendants produced in Exhibit G the master log of treatment pertaining to plaintiff for the years 2015-2017, which is the timeframe relevant to this action. (Id.)

In his meet and confer letter, plaintiff did not address defendants' argument that the documents sought in request no. 16 regarding other inmates are not relevant to this action. (Id. at 16.) In their letter responding to plaintiff's meet and confer letter, defendants restated their objections. (Id. at 23.)

Defendants' objection that the documents sought in request no. 16 are privileged is not well supported. Defendants failed to cite any authority for this argument and failed to produce a privilege log and affidavit from an official of the agency in control of the materials sought in request no. 16. See Garrett v. Macomber, 2019 WL 6330269, at * 4 (E.D. Cal. 2019).

However, plaintiff has failed to meet his burden of demonstrating how the HCV oversight committee master log pertaining to HCV cases, HCV treatment recommendations, treatment authorization requests, HCV treatment approvals and denials for all inmates at CMF within the last five years is relevant to this action. Accordingly, the motion to compel as to request no. 16 is denied.

Request for Admissions

Plaintiff alleges that defendants' responses to his requests for admissions were "evasive and insufficient…that do not specifically address the substance of the admissions requested." (ECF No. 28 at 1.) Plaintiff alleges that on July 5, 2020, he attempted to confer with defendants regarding their inadequate responses to his requests for admissions. (Id. at 1-2.) Plaintiff argues that defendants' responses were evasive and insufficient and did not specifically address the substance of the admissions. (Id. at 2.)

Attached to the motion to compel is plaintiff's "meet and confer" letter addressing defendants' responses to his requests for admissions. (Id. at 18-19.) In this letter, plaintiff

9

specifically objected to defendant Saukhla's response to request no. 15, defendant Haile's response to request no. 8 and defendant Lewis's response to request nos. 2 and 5. (Id.)

Plaintiff's motion to compel fails to identify the specific requests for admissions at issue. Therefore, plaintiff has not met his burden of demonstrating that defendants provided inadequate responses to all of the requests for admissions. However, because plaintiff's exhibits identify four specific requests for admission that are at-issue, the undersigned addresses those requests for admissions herein.

*Legal Standard*

Federal Rule of Civil Procedure 36(a) provides:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1).

"One of the primary purposes of request for admissions is to narrow the issues for trial by identifying and eliminating those matters on which the parties agree." Taylor v. Calaveras County, 2019 WL 6341131, at *2 (E.D. Cal. Nov. 27, 2019) (citations omitted).

*Request No. 15—Defendant Saukhla*

Request no. 15 stated, "Defendant Dr. Saukhla admit that while under your care and monitoring plaintiff suffered from the worsening HCF conditions in # 3, 4, 11 admissions for approximately 19 months prior to getting HCV treatment." (ECF No. 30-1 at 86.)

Defendant Saukhla responded, "Objection. This request is compound, argumentative, vague as to time, and an incomplete hypothetical. Defendant further objects that the request is premised and/or conditioned upon the responses plaintiff anticipates for other requests for admissions, thus making the request ambiguous." (Id.)

The undersigned finds that request no. 15 is vague and ambiguous. Accordingly, the motion to compel as to request no. 15 is denied.

////

////

*Request No. 8—Defendant Haile*

Request No. 8 stated, "Defendant Dr. Haile admit you are legally obligated to depart from the CCHCS (CDCR) HCV treatment guidelines and use your professional clinical judgments in evaluating plaintiff's HCV condition tailored to plaintiff's individual clinical circumstances, for HCV treatment." (ECF No. 30-1 at 53.)

Defendant Haile responded, "Objection. The request is compound, argumentative, and presents an incomplete hypothetical." (Id.)

The undersigned finds that request no. 8 presents an incomplete hypothetical in that it does not state enough facts for defendant to provide an opinion. See Evans v. Tilton, 2010 WL 1610988, at *3-4 (E.D. Cal. April 21, 2010) (defendants are not required to respond to requests for admissions that contain an incomplete hypothetical). Accordingly, the motion to compel as to this request is denied.

*Request Nos. 2 and 5—Defendant Lewis*

Request no. 2 stated, "Defendant Lewis admit that the application of the CCHCS HCV care guide in denying and delaying plaintiff's HCF treatment until his HCV condition, liver disease, and liver functions worsened to F3 near F4 end stage liver disease with advanced fibrosis, must be constitutionally adequate." (ECF No. 30-1 at 67.)

Defendant Lewis responded, "Objection. The request is compound, argumentative, vague as to time and unintelligible." (Id.)

The undersigned finds that request no. 2 is vague. It also appears that request no. 2 improperly seeks an admission of a conclusion of law. See Playboy Enters., Inc. v. Welles, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law.") Accordingly, the motion to compel as to this request is denied.

Request no. 5 stated, "Defendant Lewis admit that constitutionally adequate medical care encompasses the California Department of Health Care Services HCV treatment policies." (ECF No. 30-1 at 68.)

////

1 Defendant Lewis responded, "Objection. This request is argumentative, and is vague and
2 ambiguous as to what is meant by 'encompasses.'" (Id.) The undersigned observes that in
3 defendants' letter responding to plaintiff's meet and confer letter, in addressing request no. 5,
4 defendants state, "as discussed in defendants' various discovery responses and this letter, the
5 California Department of Health Care Services HCV treatment policy does not govern the
6 treatment of HCV in CDCR inmates, and is therefore unrelated to the claims or defenses in this
7 lawsuit." (ECF No. 28 at 24.)

The undersigned finds that request no. 5 is vague and ambiguous. Request no. 5 also
appears to be based on an erroneous premise, i.e., that the treatment of HCV in CDCR inmates is
governed by California Department of Health Care Services HCV treatment policy. Accordingly,
the motion to compel as to request no. 5 is denied.

*Remaining Matters*

In the motion to compel, plaintiff also requests that each defendant be ordered to serve on
him all documents that mention or explain the basis for each defendants' response to his request
for admission. (ECF No. 28 at 2.) Plaintiff may not request documents in a request for
admissions. Accordingly, plaintiff's motion to compel is denied to the extent he requests that
defendants be ordered to provide documents in their response to his request for admissions.

Interrogatories and Second Request for Production of Documents

Plaintiff alleges that on June 5, 2020, he served defendants with written interrogatories
and a second request for production of documents. (ECF No. 28 at 2.) Plaintiff alleges that in
interrogatory no. 17, he requested copies of all disclosable documents and tangible things that the
disclosing parties may use to support their defense. (Id.) Plaintiff alleges that defendants
responded that they served a document production on plaintiff on June 15, 2020, and that many of
the documents included therein supported their defenses. (Id.) In the motion to compel, plaintiff
alleges that on June 15, 2020, defendants served him with approximately 500 pages of
documents. (Id.) Plaintiff argues that defendants should be compelled to identify the documents
which specifically respond to interrogatory no. 17. (Id.)

////

In the pending motion to compel, plaintiff also challenges defendants' response to his third request for production of documents, request no. 1, which is virtually identical to interrogatory no. 17. The undersigned herein addresses the merits of plaintiff's third request for production of documents, request no. 1. The undersigned need not address interrogatory no. 17 because it is duplicative of plaintiff's third request for production of documents, request no. 1.

Third Request for Production of Documents

Plaintiff alleges that on June 23, 2020, he served defendants with a third request for production of documents. (ECF No. 28 at 2.) Plaintiff alleges that defendants "refused to comply" with his request for production of any and all writings, documents, and all other tangible things that support "your claims and defenses." (Id.) A copy of plaintiff's third request for production of documents is attached as an exhibit to the motion to compel. (Id. at 29-30.) Plaintiff is apparently referring to request for production no. 1, which contained the request described in the motion to compel.

In response to request no. 1, defendants objected that the request did not describe a document or category of documents with reasonable particularity and, as framed, called for disclosure of information and legal analysis protected by the attorney work-product doctrine. (ECF No. 30-1 at 112-13.) Without waiving these objections, defendants responded that they served a document production on June 15, 2020, and many of the documents included therein support defendants' defenses. (Id.) Defendants state that they have not identified any other documents in their current possession, custody or control that may be used to support their claims or defenses, unless the use would be solely for impeachment. (Id.) Defendants state that at this time, defendants provide no additional documents in response to this request. (Id.)

The undersigned observes that defendants served plaintiff with requests for production of documents which were similarly worded to plaintiff's request no. 1.[1] Good cause appearing,

---

[1] For example, in request for production no. 4, defendants asked plaintiff to, "[p]roduce any and all writings, documents, and other tangible things that support your contention that defendant Saukhla failed to provide you adequate medical care as alleged in the complaint." (ECF No. 26-2 at 34.) Defendants served plaintiff with identical requests for production of documents for defendants Petras, Haile and Ditomas. (Id.)

13

defendants are ordered to clarify which of the documents they served on plaintiff on June 15, 2020, respond to plaintiff's request for production no. 1.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 28) is granted with respect to request for production no. 1, third set; defendants shall provide plaintiff with a further response to this request, as discussed above, within thirty days of the date of this order; plaintiff's motion to compel is denied in all other respects.

Dated: October 13, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mart2075.com

14