UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.Z. MARTIN, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT FOX, et al., <br><br> Defendants. | No. 2: 19-cv-2075 TLN KJN P <br><br><br> ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are defendants' third motion to modify the scheduling order and defendants' motion to compel. (ECF Nos. 37, 38.)

Background

On April 16, 2020, the undersigned issued a discovery and scheduling order setting the discovery deadline for August 14, 2020, and the dispositive motion deadline for November 6, 2020. (ECF No. 25.)

On August 14, 2020, defendants filed their first motion to modify the scheduling order. (ECF No. 27.) In this motion, defendants requested an extension of time to file a motion to compel and to take plaintiff's deposition. (Id.) Defendants also requested an extension of the dispositive motion deadline. (Id.) Defendants requested until December 18, 2020, to take plaintiff's deposition. (Id.)

1

1      On August 25, 2020, the undersigned granted in part and denied in part defendants'
2 August 14, 2020 motion to modify the scheduling order. (ECF No. 29.) The undersigned denied
3 the motion for an extension of time to file a motion to compel as unnecessary. (Id.) The
4 undersigned ordered that defendants could depose plaintiff no later than October 30, 2020. (Id.)
5 The undersigned extended the dispositive motion deadline to January 8, 2021. (Id.)

6      On September 30, 2020, defendants filed a second motion to modify the scheduling order.
7 (ECF No. 33.) In this motion, defendants requested a 120-days extension of time to take
8 plaintiff's deposition. (Id.)

9      On October 2, 2020, the undersigned granted defendants' September 30, 2020 motion to
10 modify the scheduling order, in part. (ECF No. 34.) The undersigned ordered that defendants
11 could depose plaintiff no later than December 18, 2020. (Id.) The undersigned extended the
12 dispositive motion deadline to February 18, 2021. (Id.)

13 Third Motion to Modify the Scheduling Order

14      In the pending third motion to modify the scheduling order, defendants request a 120-days
15 extension of time to conduct plaintiff's deposition and an order for dispositive motions to be filed
16 "within 180 days." (ECF No. 37.) Defendants state that on November 3, 2020, defendants served
17 a deposition notice on plaintiff, setting plaintiff's deposition for November 19, 2020, at 9:00 a.m.
18 Defendants state that plaintiff did not object to the deposition notice or otherwise contact defense
19 counsel regarding the scheduling of the deposition.

20      Defendants state that on November 19, 2020, plaintiff appeared at his deposition and
21 indicated that it could not go forward because he had a prescheduled medical appointment in
22 Stockton, California at 11:30 a.m. that day for radiation treatment. Defense counsel conferred
23 with the transporting officer assigned to take plaintiff to his appointment off the record. The
24 officer confirmed that the appointment was scheduled for 11:30 a.m. on November 19, 2020, at
25 Saint Joseph's Hospital in Stockton. For these reasons, defendants were unable to proceed with
26 plaintiff's deposition on November 19, 2020.

27      At his deposition, plaintiff testified that he was being treated for prostate cancer and he
28 had "no idea when these radiation treatments are to be concluded." (ECF No. 37-2 at 14.)

1  Plaintiff also testified that he was not aware of any date between November 19, 2020, and
2  December 18, 2020, when his deposition could be taken, apparently based on his radiation
3  schedule.  (Id.)  Plaintiff also told defense counsel that he would not stipulate to a modification of
4  the scheduling order to permit defense counsel more time to take his deposition and to
5  accommodate plaintiff's schedule.  (Id.)
6      While the undersigned acknowledges that it is unclear how long plaintiff's radiation
7  treatments will continue, defendants' request for a 120 days extension of time to conduct
8  plaintiff's deposition is too long.  Defendants shall conduct plaintiff's deposition on or before
9  March 5, 2021.  If defendants are unable to conduct plaintiff's deposition on or before that date,
10  defendants may file another well-supported motion to modify the scheduling order.
11  Motion to Compel
12      In the pending motion to compel, defendants state that during the discovery period, on
13  June 15, 2020, they served plaintiff with interrogatories and requests for production of
14  documents.  Defendants state that plaintiff's responses to these discovery requests were due on
15  August 3, 2020.  Having received no responses, defendants filed a motion to compel on August
16  14, 2020.  On August 18, 2020, defendants received plaintiff's responses.  Defendants withdrew
17  their motion to compel after receipt of the responses.
18      On September 15, 2020, defendants sent plaintiff a meet-and-confer letter regarding the
19  insufficiency of his responses to the interrogatories and requests for documents.  Plaintiff failed to
20  respond to the letter or provide supplemental responses.
21      In the pending motion to compel, defendants move to compel responses to some of the
22  interrogatories and requests for production of documents they served on plaintiff on June 15,
23  2020.
24      Defendants' motion to compel is denied as untimely.  Defendants' motion to compel was
25  filed past the August 14, 2020 discovery deadline.  Although the undersigned modified the
26  scheduling order to grant defendants extensions of time to conduct plaintiff's deposition, the
27  undersigned did not extend the discovery deadline for other discovery requests.
28  ////

In the motion to compel, defendants also request that the court compel plaintiff to provide testimony at his re-noticed deposition.  Defendants also request that the court warn plaintiff that his failure to cooperate in providing deposition testimony may result in sanctions.

Because there is no evidence in the record demonstrating that plaintiff will not provide testimony at his re-noticed deposition, defendants' request for an order directing plaintiff to provide testimony at his re-noticed deposition is denied.  However, plaintiff is cautioned that the court may impose sanctions for his failure to participate in his re-noticed deposition.  If plaintiff determines that he is unable to participate in his re-noticed deposition, he shall immediately inform defense counsel.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the scheduling order (ECF No. 37) is granted in part;
2. Defendants shall depose plaintiff no later than March 5, 2021, with appropriate notice required by Federal Rule of Civil Procedure 30(b)(1) for taking his deposition;
3. The dispositive motion deadline is extended to May 7, 2021;
4. Defendants' motion to compel (ECF No. 38) is denied.

Dated:  December 28, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mart2075.mod(3)

---

[1] If possible, defendants may wish to consult with plaintiff's correctional counselor to determine plaintiff's availability when rescheduling plaintiff's deposition.

4