UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.Z. MARTIN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT FOX, et al.,<br><br>　　　　　　Defendants. | No. 2: 19-cv-2075 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's objections to the January 13, 2021 order denying plaintiff's motion for contempt and sanctions. (ECF No. 42.) Plaintiff cites Federal Rule of Civil Procedure 60(b)(3), (6) in support of these objections. (Id. at 1.)

The undersigned finds that plaintiff's pending motion is addressed to the undersigned. For the reasons stated herein, plaintiff's motion for relief from the January 13, 2021 order, pursuant to Rule 60(b), is denied.

Legal Standard

Federal Rule of Civil Procedure 60(b)(3) and (6) provide that on motion and just terms, the court may relieve a party from an order based on fraud or any other reason that justifies relief.

////

////

1

Discussion

In request for production of documents no. 1, third set, plaintiff requested production of any and all writings, documents and all other tangible things that support "your claims and defenses." (ECF No. 35 at 13.) Without waiving objections, defendants responded that they served a document production on June 15, 2020, and many of the documents included therein supported defendants' defenses. (Id.) Defendants stated that they could provide no additional documents in response to this request. (Id.)

On October 14, 2020, the undersigned granted plaintiff's motion to compel with respect to request for production of documents no. 1, third set. (Id. at 14.) In the October 14, 2020 order, the undersigned observed that defendants served plaintiff with requests for production of documents which were similarly worded to plaintiff's request for production no. 1, third set. (Id. at 13.) The undersigned ordered defendants to clarify which of the documents served on plaintiff on June 15, 2020 responded to plaintiff's request for production of documents no. 1, third set. (Id. at 13-14.)

On December 4, 2020, plaintiff filed a motion for contempt of court and sanctions. (ECF No. 36.) In this motion, plaintiff argued that defendants provided him with a supplemental response to request for production of documents no 1, third set, that did not respond to the request. (Id.)

In their opposition to plaintiff's motion for contempt of court and sanctions, defendants stated that after receiving the motion for sanctions, defense counsel investigated the issue and learned that office staff mistakenly served a draft of defendants' initial responses to plaintiff's third request for production of documents instead of defendants' supplemental response to request for production of documents no. 1, third set. (ECF No. 39-1 at 2.) On December 10, 2020, defendants served the corrected version of the supplemental response to request for production of documents no. 1, third set. (Id.)

On January 13, 2021, the undersigned denied plaintiff's motion for contempt of court and sanctions because defendants served plaintiff with the corrected version of the supplemental response to request for production of documents no. 1, third set. (ECF No. 41.)

2

On February 8, 2021, plaintiff filed the pending objections to the January 13, 2021 order. (ECF No. 42.) In his objections, plaintiff argues that defendants' supplemental response to request for production of documents no. 1, third set, served on December 10, 2020, does not comply with the October 14, 2020 order. On these grounds, plaintiff requests reinstatement of his motion for contempt and sanctions.

Attached to plaintiff's February 8, 2021 objections is defendants' supplemental response to request for production no. 1, third set, served on December 10, 2020:

> Pursuant to the Court's order issued October 14, 2020, Defendants identify the following documents produced on June 15, 2020 that are responsive to this request: The CCHCS Hepatitis C Care Guides issued May 2015, October 2015, and January 2017, contained in Exhibit A of Defendants' responses to Plaintiff's first request for production of documents. The CCHCS Hepatitis C Management Policy and Procedure, effective October 2, 2012 to June 6, 2018, contained in Exhibit B of Defendants' responses to Plaintiff's first request for production of documents. Defendants also intend to use Plaintiff's medical records in support of their defenses. Plaintiff has the ability to access his own medical records from California Correctional Health Care Services, making the production of Plaintiff's medical records unduly burdensome on Defendants. Accordingly, Defendants provided no additional documents in response to this request.

(Id. at 7.)

In his objections, plaintiff argues that defendants' supplemental response refers plaintiff to defendants' unorganized 500-pages long "document dump" served on June 15, 2020. (Id. at 3.) Plaintiff objects that defendants' supplemental response does not specifically identify where in the hundreds of pages of Exhibits A and B the documents identified in the supplemental response are located. (Id.) Plaintiff also argues that in the supplemental response, defendants claim impeachment and work product privileges. (Id.) Plaintiff claims that defendants were required to produce a privilege log in their supplemental response. (Id.)

In the response to plaintiff's objections, defendants contend that their supplemental response complied with the October 14, 2020 order because it identified the documents they previously served on plaintiff that respond to request for production of documents no.1, third set. (ECF No. 43 at 3.) Defendants argue that in the supplemental response, they did not make a claim of privilege requiring them to provide a description of withheld documents. (Id.)

1 Defendants also state that the documents produced to plaintiff on June 15, 2020 were organized
2 by category into different exhibits. (Id.) Defendants argue that plaintiff's allegation that
3 defendants provided an unorganized "document dump" is unfounded. (Id.)
4     The undersigned finds that defendants' supplemental response to request for production of
5 documents no. 1, third set, served on December 10, 2020, complies with the October 14, 2020
6 order. In the supplemental response, defendants identified the documents served on June 15,
7 2020 that responded to this request. Defendants informed plaintiff in which exhibits these
8 documents were located. Because defendants did not make a claim of privilege, defendants were
9 not required to submit a privilege log in support of their supplemental response.
10     For the reasons discussed above, plaintiff's motion for relief from the January 13, 2021
11 order is denied. Defendants are not required to provide plaintiff with a further response to request
12 for production of documents no. 1, third set.
13     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for relief from the
14 January 13, 2021 order (ECF No. 42) is denied.
15 Dated: March 18, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mart2075.ord(2)

4