UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.Z. MARTIN,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT FOX, et al.,<br><br>  Defendants. | No.  2: 19-cv-2075 TLN KJN P<br><br>ORDER SETTING PRETRIAL SCHEDULE |

Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On January 10, 2022, the undersigned appointed counsel to represent plaintiff at trial.  In this order, the undersigned resets the pretrial conference and confirms the jury trial date.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set before the Honorable Troy L. Nunley on November 3, 2022, at 2:00 p.m.  Counsel who appear at the pretrial conference shall in fact try the matter.  Counsel are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 281 and 282 relating to pretrial statements and conferences.  A FAILURE TO COMPLY WITH L.R. 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

////

The parties shall submit a **joint** pretrial statement (see L.R. 281(a)(2)) no later than seven days prior to the final pretrial conference; it shall conform to Local Rule 281(b). Specifically:

1. The undisputed facts and disputed factual issues shall be set forth in two separate sections;
2. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue. Each fact should (generally) relate or correspond to an element of the relevant cause of action
3. Where the parties are unable to agree as to what factual issues are properly before the Court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue;
4. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the Court and all parties about the precise issues that will be litigated at trial. The Court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute. However, with respect to the listing of undisputed facts, the Court will accept agreements as to evidentiary facts; and
5. The joint statement of undisputed facts and disputed factual issues is to be filed with the Court concurrently with the filing of the joint pretrial statement.

Per Local Rule 281(b), the parties are required to provide with their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. Of note:

1. These lists shall not be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order;
2. Plaintiff's exhibits shall be listed numerically; Defendant's exhibits shall be listed alphabetically; and
3. The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the pretrial order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend to use will be viewed as an abuse of the Court's processes.

Under Federal Rule of Civil Procedure 16, it will be counsel's duty at the pretrial conference to aid the Court in: (a) formulating and simplifying issues and the eliminating meritless claims or defenses; (b) settling of facts that should be properly admitted; and (c) avoiding unnecessary proof and cumulative evidence.  The parties must prepare their joint pretrial statement and participate in good faith at the pretrial conference with these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS, which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

TRIAL SETTING

A jury trial shall commence before Judge Nunley on February 6, 2023.

IT IS SO ORDERED.

Dated:  January 14, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mart2075.pto