UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.Z. MARTIN, | No. 2:19-cv-2075 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT FOX, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983. This action is set for trial before the Honorable Troy L. Nunley on July 15, 2024.

Pending before the court is plaintiff's motion for appointment of counsel to represent him at trial. (ECF No. 82.) For the reasons stated herein, plaintiff's motion for appointment of counsel is denied.

Legal Standard

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

1

well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Discussion

*Background*

Following resolution of defendants' summary judgment motion, this action proceeds to trial on plaintiff's claims alleging that defendants Haile, Saukhla and Petras violated the Eighth Amendment by delaying plaintiff's hepatitis C treatment and that defendants Ditomas and Horch violated the Eighth Amendment by denying plaintiff's administrative grievances seeking hepatitis C treatment. (ECF Nos. 55, 57.)

On January 10, 2022, the undersigned appointed Samuel D. Francis to represent plaintiff at trial. (ECF No. 61.) On October 14, 2022, the undersigned issued an order withdrawing Mr. Francis from representing plaintiff due to Mr. Francis's serious health condition. (ECF No. 72.)

On April 21, 2023, the undersigned appointed Andrew Rausch to represent plaintiff at a settlement conference. (ECF No. 74.) On September 5, 2023 a settlement conference was held. This action did not settle. Mr. Rausch recently informed the court that he is unable to represent plaintiff at trial.

In the pending motion for appointment of counsel, filed September 25, 2023, plaintiff alleges that appointed counsel will assist plaintiff to limit evidence to relevant issues, explain applicable legal principles to plaintiff, shape examination of witnesses and assist plaintiff in presenting meritorious issues to the court. (ECF No. 82 at 3.)

////
////
////
////

*Discussion*

As discussed above, the court expended considerable resources finding counsel to represent plaintiff in this action.[1]  The resources available to the court for appointment of counsel in prisoner civil rights actions are limited.  Taking these circumstances into account, as well as plaintiff's previous competent representation of himself in this action, the undersigned does not find exceptional circumstances exist warranting the appointment of counsel to represent plaintiff at trial.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 82) is denied without prejudice.

Dated:  October 24, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mart2075.31

---

[1] The undersigned acknowledges that plaintiff was not at fault for the withdrawal of Mr. Francis.

3