UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.Z. MARTIN, | No. 2:19-cv-2075 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT FOX, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for trial before the Honorable Troy L. Nunley on July 15, 2024.

Pending before the court is plaintiff's motion for appointment of an independent expert witness pursuant to Rule 706 of the Federal Rules of Evidence. (ECF No. 89.) For the reasons stated herein, plaintiff's motion for appointment of an expert witness is denied.

Legal Standard

The court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed ..." Fed. R. Evid. 706(a). Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a)

1

the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue ..." Fed. R. Evid. 702.

> Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion. Gorton v. Todd, 793 F.Supp.2d 1171, 1178 (E.D. Cal. 2011). Several factors guide the court's decision. First, and most importantly, the court must consider whether the opinion of a neutral expert will promote accurate fact finding. Id. at 1179. The court may also consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case. Id. at 1182-84. Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case. Id. at 1181.

Johnson v. Cate, 2015 WL 5321784, at *2 (E.D. Cal. Sept. 10, 2015).

The determination to appoint an expert rests solely in the court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert review.  See Ledford v. Sullivan, 105 F.3d 354, 358–59 (7th Cir. 1997).

Discussion

This action proceeds to trial on the following claims:  1) defendants Haile, Saukhla and Petras violated the Eighth Amendment by delaying plaintiff's hepatitis C treatment; and 2) defendants Ditomas and Horsch violated the Eighth Amendment by denying plaintiff's administrative grievances in which he sought hepatitis C treatment based on his deteriorating liver functions and worsening symptoms.

As discussed in the August 6, 2021 findings and recommendations addressing defendants' summary judgment motion, pursuant to the standard in the Care Guide during the relevant time period, inmates with hepatitis C at less than F3 did not qualify for treatment.  (ECF No. 55 at 16.)  It is undisputed that plaintiff did not have an F3 test result until June 2017.  (Id.)  Once plaintiff had that test result, plaintiff received treatment.  (Id.)

Plaintiff alleged that defendants disregarded his symptoms related to hepatitis C once he became symptomatic, i.e., nausea, vomiting and pain.  (Id. at 4.)  The medical records indicated that plaintiff began complaining of symptoms possibly related to hepatitis C beginning on September 19, 2016.  (Id. at 17.)  The undersigned found that "[w]ithout further explanation of the records showing that defendants waited nine months after plaintiff became symptomatic to

provide plaintiff with further testing, the undersigned cannot determine whether defendants acted with deliberate indifference. [Footnote omitted.] By waiting nine months after plaintiff became symptomatic to provide further testing, defendants may have effectively delayed plaintiff's receipt of treatment." (Id.)

In the pending motion, plaintiff requests appointment of an expert witness to assist the court in understanding the "reliability of and acceptance by the medical community of the contradictory medical evidence offered by defendants' expert medical witness regarding when and whom gets HCV (Harvoni) therapy for acute or chronic HCV infections…" (ECF No. 89 at 1.)

As discussed above, the issue for trial is whether and why defendants allegedly disregarded plaintiff's symptoms of hepatitis C and whether defendants effectively delayed plaintiff's treatment by disregarding his symptoms. Plaintiff may testify regarding when he discussed his symptoms with defendants, how they responded and any injuries he suffered, that he personally perceived, as a result of an alleged delay in his treatment. Fed. R. Evid. 701(a). Because plaintiff may testify to these material matters, the undersigned finds that appointment of an expert witness is not warranted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of an independent expert witness (ECF No. 89) is denied.

Dated: January 16, 2024

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mart2075.exp(2)